UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENDALL BROWNE,

                *Plaintiff*,

        v.

THOMAS BRUSCA, *and* C. HICKEY,

                *Defendants*.

No. 25-CV-3467 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Kendall Browne ("Plaintiff"), proceeding pro se, brings this Action against New York State Police Troopers Thomas Brusca ("Brusca") and C. Hickey ("Hickey") (together, "Defendants"), asserting claims of federal constitution violations under 42 U.S.C. § 1983. (*See* Compl. (Dkt. No. 1).) By Order dated May 1, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. The Court directs service on Brusca and Hickey.

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve Brusca and Hickey until 90 days after the date that the summonses for those Defendants issue.

To allow Plaintiff to effect service on Brusca and Hickey through the USMS, the Clerk of Court is respectfully instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those Defendants. The Clerk of Court is further respectfully instructed to issue a summons for each of those Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of those defendants.

If summonses and the complaint are not served on Brusca and Hickey within 90 days after the date that the summonses for those Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this Action if he fails to do so.

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff. The Court also respectfully directs the Clerk of Court to: (1) issue summonses for Defendants Thomas Brusca and C. Hickey; (2) complete USM-285 forms for those Defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each of those Defendants to the USMS.

SO ORDERED.

Dated: June 3, 2025
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1. Trooper Thomas Brusca
   Badge #1266
   New York State Police
   Troop F
   55 Crystal Run Road
   Middletown, New York 10941

2. Trooper C. Hickey
   Badge #0827
   New York State Police
   Troop F Station
   1537 U.S. Route 6
   Port Jervis, New York 12771